IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60194-CIV-MARTINEZ/SNOW

CHANEL, INC.,

     Plaintiff,

        v.

THE INDIVIDUALS, BUSINESS
ENTITIES, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon the Motion for Preliminary Injunction (ECF No. 6), filed by Plaintiff, Chanel, Inc. ("Plaintiff"), which was referred to United States Magistrate Judge Lurana S. Snow (ECF No. 11) for a Report and Recommendation. The undersigned has carefully considered the Motion, the record in this case, and the applicable law, and is otherwise fully advised. By the instant Motion, Plaintiff moves for entry of a preliminary injunction against Defendants,[1] for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d).

The undersigned held a hearing on April 13, 2022, which was attended by counsel for Plaintiff only. During the hearing, Plaintiff directed the undersigned to evidence supporting the Motion for Preliminary Injunction. Defendants have not formally responded to the Application for Preliminary Injunction, nor have they

_____

[1] Defendants are the individuals, business entities, or unincorporated associations identified on Schedule "A" hereto.

made any appearance or filing in this case, either individually or through counsel. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court finds that the Motion for Preliminary Injunction should be granted.

## I.   BACKGROUND[2]

Plaintiff Chanel, Inc., is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Chanel Marks"):

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 | IC 018 - Women's Handbags |
| CHANEL | 0,902,190 | November 10, 1970 | IC 014 - Bracelets, Pins, and Earrings |
| CHANEL | 1,177,400 | November 10, 1981 | IC 025 - Hats, Shawls and Belts |
|  | 1,241,264 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Tee-Shirts, Coats, Raincoats, Scarves, Shoes and Boots |
| CHANEL | 1,241,265 | June 7, 1983 | IC 025 - Suits, Jackets, Skirts, Dresses, Pants, Blouses, Tunics, Sweaters, Cardigans, Coats, Raincoats, Scarves, Shoes and Boots |
|  | 1,314,511 | January 15, 1985 | IC 018 - Leather Goods-Namely, Handbags |
| CHANEL | 1,347,677 | July 9, 1985 | IC 018 - Leather Goods-Namely, Handbags |

---

[2] The facts herein are taken from Plaintiff's Amended Complaint (ECF No. 18) and Plaintiff's Motion for Preliminary Injunction (ECF No. 6).

| | | | |
|---|---|---|---|
| (logo) | 1,501,898 | August 30, 1988 | IC 006 - Keychains<br>IC 014 - Costume Jewelry<br>IC 025 - Blouses, Shoes, Belts, Scarves, Jackets, Men's Ties<br>IC 026 - Brooches and Buttons for Clothing |
| CHANEL | 1,733,051 | November 17, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business and Credit Card Cases, Change Purses, Tote Bags, Cosmetic Bags Sold Empty, and Garment Bags for Travel |
| (logo) | 1,734,822 | November 24, 1992 | IC 018 - Leather Goods; namely, Handbags, Wallets, Travel Bags, Luggage, Business Card Cases, Change Purses, Tote Bags, and Cosmetic Bags Sold Empty |
| RUE CAMBON | 2,964,843 | July 5, 2005 | IC 018 - Handbags |
| (logo) | 3,025,936 | December 13, 2005 | IC 009 - Eyeglass Frames, Sunglasses<br>IC 025 - Gloves, Swimwear<br>IC 026 - Hair Accessories, namely, Barrettes |
| CHANEL | 3,133,139 | August 22, 2006 | IC 014 - Jewelry and Watches |
| CHANEL | 3,134,695 | August 29, 2006 | IC 009 - Eyeglass Frames, Sunglasses, Sunglass Parts, Cases For Spectacles and Sunglasses<br>IC 025 - Swimwear, Stockings<br>IC 026 - Hair Accessories, Namely, Barrettes<br>IC 028 - Bags Specially Adopted For Sports Equipment, Tennis Rackets, Tennis Balls, Tennis Racket Covers |
| CHANEL | 3,890,159 | December 14, 2010 | IC 009 - Cases for Telephones<br>IC 018 - Key Cases |

| | | | |
|---|---|---|---|
| ![Chanel logo] | 4,074,269 | December 20, 2011 | IC 009 - Protective Covers for Portable Electronic Devices, Handheld Digital Devices, Personal Computers and Cell Phones<br>IC 018 - Key Cases |
| ![Chanel logo] | 4,241,822 | November 13, 2012 | IC 025 - For Clothing, namely, Coats, Jackets, Dresses, Tops, Blouses, Sweaters, Cardigans, Skirts, Vests, Pants, Jeans, Belts, Swim Wear, Pareos, Hats, Scarves, Ties, Gloves, Footwear, Hosiery |
| CHANEL | 5,100,448 | December 13, 2016 | IC 020 - Pillows |
| CHANEL | 5,166,441 | March 21, 2017 | IC 024 - Travelling blankets |
| ![Chanel logo] | 5,280,486 | September 5, 2017 | IC 020 - Pillows |

*See* Declaration of Elizabeth Han in Support of Plaintiff's Motion for Preliminary Injunction ("Han Decl.") at ¶¶ 4-5. The Chanel Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. *See id.*

Defendants, by operating Internet based e-commerce stores or interactive photo albums operating under their seller identification names and/or commercial Internet websites operating under their domain names (the "Seller IDs and Subject Domain Names"), have advertised, promoted, offered for sale, and/or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Chanel Marks. *See* Han Decl. at ¶¶ 9, 11-14.

4

Although each Defendant may not copy and infringe each of the Chanel Marks for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed at least one or more of the Chanel Marks. *See* Han Decl. at ¶¶ 9, 11-14. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Chanel Marks. *See* Han Decl. at ¶¶ 9, 13-14.

Plaintiff learned of Defendants' potential sale of counterfeit versions of Plaintiff's goods. Plaintiff alleges that Defendants sell these counterfeit goods through the Seller IDs and Subject Domain Names. Plaintiff's counsel retained AED Investigations, Inc. and Invisible Inc, both licensed private investigative firms (collectively, the "Investigative Firms"), to investigate the promotion and sale of counterfeit and infringing versions of Plaintiff's branded products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiff's branded products through the Seller IDs and Subject Domain Names. *See* Han Decl. at ¶ 10; Declaration of Stephen M. Gaffigan in Support of Plaintiff's Motion for Preliminary injunction ("Gaffigan Decl.") at ¶ 2; Declaration of Eric Rosaler in Support of Plaintiff's Motion for Preliminary injunction ("Rosaler Decl.") at ¶ 3; Declaration of Kathleen Burns in Support of Plaintiff's Motion for Preliminary injunction ("Burns Decl.") at ¶ 3.

The Investigative Firms accessed all of the Internet based e-commerce stores, photo albums, and websites operating under Defendants' Seller IDs and Subject

Domain Names and placed an order for the purchase of a product bearing and/or using counterfeits and/or infringements of, at least, one of the Chanel Marks[3] at issue in this action, via each Seller ID and Subject Domain Name, and requested each product be shipped to the Southern District of Florida. *See* Rosaler Decl. at ¶ 4, nn.1-2; Burns Decl. at ¶ 4, n.1; Gaffigan Decl. at ¶ 2, nn.3-5. Each order was processed entirely online and following the submission of the orders, the Investigative Firms received information for finalizing payment for the products ordered via Defendants' respective payment accounts[4] and/or payee[5] as identified on Schedule "A" hereto. *See* Rosaler Decl. at ¶ 4, n.4, and Comp. Ex. 1 thereto; Burns

---

[3] AED Investigations, Inc., received products purchased from some of the Defendants and verified each bore at least one of Chanel's Marks in its entirety. *See* Rosaler Decl. at ¶ 4, n.3.

[4] Defendants 7-39, 41-49, and 51-54 operate their Seller IDs via Instagram.com, Facebook.com, or Yupoo.com, or their Subject Domain Names via commercial websites, and use money transfer and retention services with PayPal, Inc. ("PayPal") as a method to receive monies generated through the sale of counterfeit products. *See* Rosaler Decl. at ¶ 4, n.6; Burns Decl. at ¶ 4, n.3; Gaffigan Decl. at ¶ 6. The Investigative Firms obtained PayPal payees and corresponding PayPal Merchant Identification Numbers ("Merchant IDs") from some of these Defendants, instead of PayPal financial accounts in the form of e-mail addresses. *See* Rosaler Decl. at n.6; Burns Decl. at n.3.

Defendant 33 operates a commercial website and utilizes Stripe, Inc. ("Stripe"), a third-party payment processing service, in addition to PayPal. *See* Rosaler Decl. at n.6; Gaffigan Decl. at ¶ 6. Defendants 55 and 56 who operate via the non-party e-commerce marketplace platform, DHgate.com, use money transfer and retention services with PayPal as an additional payment method. *See id.*

[5] Defendants 1-6 operate via the non-party e-commerce marketplace platform, Amazon.com. Amazon.com is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. *See* Rosaler Decl. at ¶ 4, n.5; Gaffigan Decl. at ¶ 5.

Defendants 40 and 50 operate commercial websites under their respective Subject Domain Names, and utilize Stripe, a third-party payment processing service. *See* Rosaler Decl. at ¶ 4, n.5; Burns Decl. at ¶ 4, n.4; Gaffigan Decl. at ¶ 7.

Decl. at ¶ 4, n.2, and Comp. Ex. 1 thereto; Gaffigan Decl. at ¶ 2, n.2. At the conclusion of the process,[6] the detailed web pages and images of the various Plaintiff's branded products ordered via Defendants' Seller IDs and Subject Domain Names, together with photographs of products received, were sent to Plaintiff's representative for inspection. *See* Rosaler Decl. at ¶¶ 4-5, n.3; Burns Decl. at ¶¶ 4-5; Gaffigan Decl. at ¶ 2, n.1; Han Decl. at ¶¶ 11-13, n.1.

Plaintiff's representative, who is trained to identify the distinctions between genuine versions of Plaintiff's branded merchandise and counterfeit copies of the same, conducted a review and visually inspected the detailed web page captures, additional images, and photographs reflecting Plaintiff's branded products identified and captured by the Investigative Firms, and determined the products were non-genuine, unauthorized versions of Plaintiff's goods, or used images of authentic products in order to facilitate the sale of non-genuine Plaintiff's branded products. *See* Han Decl. at ¶¶ 12-14.

On January 27, 2022, Plaintiff filed its Complaint (ECF No. 1) and on April 11, 2022, its Amended Complaint (ECF No. 18) against Defendants for federal trademark counterfeiting and infringement, false designation of origin, cybersquatting, common law unfair competition, and common law trademark infringement. On January 28, 2022, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining

---

[6] The e-mail addresses and other means of electronic contact provided by Defendants in connection with their Seller IDs and Subject Domain Names, including any e-mail addresses used to communicate with the Investigative Firms, are included in Schedule "A" annexed hereto. *See* Gaffigan Decl. at ¶ 3, n.6; Rosaler Decl. at ¶ 4, n.7; Burns Decl. at ¶ 4, n.5.

Transfer of Assets. (ECF No. 6.) On March 25, 2022, the Honorable Jose E. Martinez issued a Sealed Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets (the "TRO") (ECF No. 10) and temporarily restrained Defendants from infringing the Chanel Marks at issue, and referring this matter pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to the undersigned to take all necessary and proper action as required by law with respect to Plaintiff's request for a preliminary injunction. (ECF No. 11.) On March 30, 2022, Plaintiff filed its *Ex Parte* Motion to Continue Hearing Scheduled for April 1, 2022 in Connection with Plaintiff's Motion for Preliminary Injunction (ECF No. 14), to avoid prejudicing Defendants' right to appear and respond in a timely fashion, because Plaintiff's counsel had not received confirmation from any of the applicable financial institutions that Defendants' accounts had been restrained. On March 31, 2022, the undersigned entered a Sealed Order Granting Motion to Continue Hearing (ECF No. 15), continuing the hearing on Plaintiff's Motion for Preliminary Injunction until April 13, 2022. Pursuant to the Court's TRO, Plaintiff properly served Defendants with a copy of the Complaint together with copies of the *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets, the Court's TRO, the Sealed Order setting hearing on Plaintiff's Motion for Preliminary Injunction, the Sealed Order Granting Motion to Continue Hearing, and all other pleadings and orders

issued in this action, thereby providing notice and copies of all documents on file in this action. (ECF Nos. 20, 21, 22.)

## II.   LEGAL STANDARD

To obtain a preliminary injunction, a party must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest in order to obtain injunctive relief. *Schiavo ex. rel Schindler v. Schiavo,* 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citation omitted).

## III.   ANALYSIS

Plaintiff has produced evidence that demonstrates that there is probable cause that consumers are likely to be confused by Defendants' advertisement, sale, offers for sale, and/or distribution of goods bearing and/or using counterfeits, infringements, reproductions, or colorable imitations of one or more of Plaintiff's registered trademarks, and that the products Defendants are selling and promoting are copies of Plaintiff's products that bear copies of Plaintiff's Marks. Because of the infringement of Plaintiff's Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted for the following reasons: (a) Defendants own or control Internet based e-commerce stores or interactive photo albums via a marketplace platform, social media website, and/or image hosting website operating under their seller identification names and/or

commercial Internet websites operating under their domain names (collectively the "Seller IDs and Subject Domain Names") which advertise, promote, offer for sale, or sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiff's rights; (b) there is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products; (c) the balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and goodwill as a manufacturer and distributor of quality products, if such relief is not issued; and (d) the public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of Plaintiff.

Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of Plaintiff's Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")). Requesting equitable relief "invokes the district

10

court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)). In light of the inherently deceptive nature of the counterfeiting business, and Defendants' violations of the federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.    CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Motion for Preliminary Injunction (ECF No. 6) be GRANTED and a Preliminary Injunction be entered as follows:

1.     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined, until further Order of this Court:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the Plaintiff's Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Plaintiff's Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Plaintiff's Marks, or any confusingly similar trademarks; or (iii) any assets

or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

2.  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further order of this Court, the use of Plaintiff's Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores, interactive photo albums, and Internet websites owned and operated, or controlled by them, including the Internet based e-commerce stores, interactive photo albums, and Internet websites operating under the Seller IDs and Subject Domain Names.

3.  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further order of this Court, the use of Plaintiff's Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores, interactive photo albums, and Internet websites registered, owned, or operated by any Defendant, including the Internet based e-commerce stores, interactive photo

albums, and Internet websites operating under the Seller IDs and Subject Domain Names.

4.      Each Defendant shall not transfer ownership of the Seller IDs and Subject Domain Names during the pendency of this Action, or until further Order of the Court.

5.      Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs and Subject Domain Names that may have been deleted before the entry of this Order.

6.      Upon Plaintiff's request, the privacy protection service for any of the Subject Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose, to the extent not already done, to Plaintiff the true identities and contact information of those registrants.

7.      Upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of this Order, including but not limited to Amazon.com, Inc., shall, to the extent not already done, immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the ASINs identified on Schedule "A" hereto presently in its inventory, possession, custody, or control, and impound such goods in trust for the Court during the pendency of this Action.

8.      Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), PayPal, Inc. ("PayPal"), Stripe, Inc. ("Stripe"), and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores, photo albums, and Internet websites operating under the Seller IDs and Subject Domain Names, the PayPal payees, store numbers, merchant identification numbers, infringing product numbers, order numbers, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) and/or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

9.      Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon, PayPal, Stripe, and their related companies and affiliates, shall further, to the extent not already done, within five business days of receiving notice of this Order, provide Plaintiff's counsel

with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

10.     This Order shall apply to the Seller IDs and Subject Domain Names, associated e-commerce stores, photo albums, and websites, and any other seller identification names, e-commerce stores, photo albums, private messaging accounts, domain names and websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting Plaintiff's Marks at issue in this action and/or unfairly competing with Plaintiff.

11.     Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

12.     As a matter of law, this Order shall no longer apply to any Defendant or associated e-commerce store, photo album, or domain name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

13.     Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

14.     Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators, and/or administrators of the Internet marketplace websites, social media and image hosting websites, messaging services, and/or financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon.com, Inc., PayPal, Stripe, Instagram.com, Facebook.com, Yupoo.com, and their related companies and affiliates shall, to the extent not already done, at Plaintiff's request, provide Plaintiff's counsel with any e-mail addresses known to be associated with Defendants' respective Seller IDs and Subject Domain Names.

15.     This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to

file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13th day of April, 2022.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record

## SCHEDULE A:
## DEFENDANTS BY NUMBER, SELLER ID, SUBJECT DOMAIN NAME, RESPECTIVE FINANCIAL INFORMATION, AND ADDITIONAL <u>MEANS OF CONTACT</u>

| Def. No. | Defendant / Seller ID / Subject Domain Name | Financial Account / Store No. / Merchant ID | PayPal Payee | ASIN / Infringing Product No. | Additional Means of Contact | Social Media URL |
|---|---|---|---|---|---|---|
| 1 | Artpetur | A39A0ZAK4KB08X | | B09NMCKHQY B09NMCSTHG | | |
| 2 | NNellystore | A1R3TJYA9OS0RT | | B09LQB68TQ B09LQC2JZF | | |
| 3 | runhan(shandong) shengtaikejiyouxiangongsi | A13CTENEJR4ZR4 | | B09NL82X7D B09NL7Q5TP | | |
| 4 | sikeda | A32L8UORII8Z6F | | B09GFNJ5V4 | | |
| 5 | Vatmin jewelry | A3TAVYE3ZILESQ | | B09JKKJXVT B09JKL4B7P | | |
| 6 | Wululili | A3Q73WS1H2JRTH | | B09LY9R9JW | | |
| 7 | bestleatherspro | shuqing99@live.com | | | WhatsApp: 86 18102605582 brandnicole@foxmail.com DM | |
| 8 | chanel.lv_gucci *aka* chenzhiwen9667 | 547548758@qq.com | | | WhatsApp: 86 15218813229 WhatsApp: 86 15920549483 | |
| 9 | coco_chanle_pk | 949068206@qq.com | | | WhatsApp: 852 60416506 | |
| 10 | linxiaomi11 | 1515250428@qq.com | | | WhatsApp: 86 16762769488 | |
| 11 | luxurystore_03 | gurf252@gmail.com | | | WhatsApp: 90 5545631536 | |
| 12 | maggie.design2.0 *aka* adaluxuryru *aka* buywrist.com | shifen8086@hotmail.com jiujiu3496@hotmail.com | | | WhatsApp: (470) 531-9754 luxuryacces88@gmail.com | |
| 13 | the_heart_of_turkey | basselhalabi1990@gmail.com | | | WhatsApp: 90 5385415007 | |
| 14 | xiaohui8148 *aka* d2pp-balmain-image | 574462982@qq.com | | | WhatsApp: 86 15919935326 | |
| 15 | zhongxiao2021 | 13528755057@163.com | | | WhatsApp: 86 15113574464 | |
| 16 | 123belt321 *aka* 158885885889 *aka* 666bags666 | a15602607151@163.com | | | WhatsApp: 86 18838657229 WhatsApp: 86 15716614806 | |

| Def. No. | Defendant / Seller ID / Subject Domain Name | Financial Account / Store No. / Merchant ID | PayPal Payee | ASIN / Infringing Product No. | Additional Means of Contact | Social Media URL |
|---|---|---|---|---|---|---|
| | | | | | WhatsApp: 86 15618190728 | |
| 17 | 1518790747 | 1010057688@qq.com | | | WhatsApp: 86 17739504544 | |
| 18 | gobrandstorealbums | Iramghous786@gmail.com | | | WhatsApp: 92 3056748554 | |
| 19 | lucky06688 | 572637085@qq.com | | | WhatsApp: 86 13802224026 | |
| 20 | muyuxue *aka* shionly.com | 380115148@qq.com | | | WhatsApp: 44 7830933204 WhatsApp: 86 15138463930 admin@shionly.com | |
| 21 | 18620496381 | 874024289@qq.com | | | WhatsApp: 86 15812318793 | |
| 22 | Nrasiont Boieaint | 1535338261@qq.com | | | WhatsApp: 86 18156101374 | https://www.facebook.com/groups/237171447532465 |
| 23 | Supplier for clothes | sales@meetclassic.com | | | WhatsApp: 86 13287795531 disun795@gmail.com | https://www.facebook.com/Supplier-for-clothes-155071663325015/ |
| 24 | XS Huang *aka* 1254326333 | 1254326333@qq.com | | | WhatsApp: 86 15119553961 | https://www.facebook.com/profile.php?id=100069001076922 |
| 25 | casemall.jp | 149821085@qq.com | | | LINE ID: nesageshop sale@casemall.jp | |
| 26 | casetie.com | 840470218@qq.com | | | casetie@163.com info@casetie.com | |
| 27 | casezystore.com | akbarbarsyah20@gmail.com | | | support@casezystore.com casezy19@gmail.com | |
| 28 | chanelws.com | 727003320@qq.com | | | workshopchanel@gmail.com WhatsApp: 852 5766 6352 | |
| 29 | designerbrands.store | nealund@yahoo.com | | | WhatsApp: 372 53962653 | |
| 30 | dtcgoods.shop | wenzi@heatstech.net | | | WhatsApp: 15612929603 Service@dtcbags.com heatsshopline@heatstech.net | |
| 31 | geatye.shop | suxinying121@outlook.com | | | Kempkayeeb04245@gmail.com | |

| Def. No. | Defendant / Seller ID / Subject Domain Name | Financial Account / Store No. / Merchant ID | PayPal Payee | ASIN / Infringing Product No. | Additional Means of Contact | Social Media URL |
|---|---|---|---|---|---|---|
| 32 | gucchanel.shop | ccventech@gmail.com | | | WhatsApp: 86 13766668888 WhatsApp: 86 16526551722 doagonfly225@gmail.com | |
| 33 | hortory.com | PayPal Account: 48698285@qq.com Stripe Order ID: # 311191608 Date: 11/19/2021 Payment: Credit Card Total: $38.83 Description: LUXECASE EASTERN DISTR 11/19 Product Name: Simple designer iphone case with wallet Color: Red Model: iPhone 11 | | | | |
| 34 | irenedaystore.com aka eyes-window.com | Merchant ID: D2RUHH9CWKAVS | Chengdu Yidingtong Technology Co., Ltd. | | FancyGlasses.y@gmail.com WhatsApp: 852 64743479 | |
| 35 | iyostore.com aka lzoshop.com aka gaeshoe.com | PayPal Account: cbkanbn@hotmail.com Merchant ID: EU7UJX3PSKF2E | Shengjuan Technology Co., Ltd. | | kempkayeeb04245@gmail.com linqingqqing88@gmail.com dealerbernadette844827@gmail.com | |
| 36 | luxurypicker.com | 1239883868@qq.com | | | luxurypicker@gmail.com mymuchchic@gmail.com | |
| 37 | maxstyles.shop | xujing0102@outlook.com | | | contactiboxr@gmail.com | |
| 38 | monvanti.com | thakibifashion@hotmail.com | | | contacts@monvanti.com monvanti.store@gmail.com contacts@fancyclassy.com | |
| 39 | shopybag.net | dengqinxueyun@outlook.com | | | service@shopybag.net WhatsApp 86 18679630930 | |
| 40 | stybag.com | Stripe Order No.: 5602 Date: 11/30/2021 Payment: Credit Card Total: $170.00 Description: STYBAG.COM LONDON 11/30 Product Title: Black Grained Calfskin Small Flap Wallet - Women's Wallet × 1 | | | support@stybag.com WhatsApp: 15622692257 | |

| Def. No. | Defendant / Seller ID / Subject Domain Name | Financial Account / Store No. / Merchant ID | PayPal Payee | ASIN / Infringing Product No. | Additional Means of Contact | Social Media URL |
|---|---|---|---|---|---|---|
| 41 | xtopbuy.com | Bobrookes@hotmail.com grethermark@yahoo.com | | | WhatsApp: 86 18958661208 xtopbuy@hotmail.com | |
| 42 | beltpic.com | Merchant ID: 7YS2UTMZAPTV4 | Beltpic.com | | yarakkurek@gmail.com | |
| 43 | cnpvg.com | LaceyCarneyowh@vfemail.net | | | service@cnpvg.com | |
| 44 | dotiybag.com | 283912025@qq.com | | | doagonlfly225@gmail.com | |
| 45 | lllcase.com | Merchant ID: 5MW9BXG4U9KF4 | 利川市溪水漫柏电子商务有限公司 (Lichuan Xishui Manbai Electronic Commerce Co., Ltd.) | | service@lllcase.com | |
| 46 | rtycu.com | patriciavazquez@vfamail.com | | | service@rtycu.com | |
| 47 | seline.shop | Merchant ID: NJHU6T6VLWKWL | Changbo Daxing Trading | | contactiboxr@gmail.com | |
| 48 | sfhli.com | Leon_Ericksonumj@vfemail.net | | | sfhli@sfhli.com | |
| 49 | srtyjdsrt.shop | Merchant ID: DNTNCBQR6EMZ8 | 广州森自商贸商行 (Guangzhou Senzi Commercial Firm) | | info@hottielifeshop.com | |
| 50 | thegeekgifts.com | Stripe Order No. 493332 Date: 10/21/2021 Total: $26.94 Payment Method: Visa CC Description: CRUSHPRINTS Product Title: Fall Autum Chanel T-Shirt | | | admin@TheGeekGifts.com support@crushprints.com admin@tiktify.com | |
| 51 | vavavy.com *aka* luruxy brand handbags | 1029595092@qq.com | | | vavavy@protonmail.com hengkai@protonmail.ch WhatsApp: 86 13923924149 | https://www.facebook.com/groups/152524879639232/posts/3229592159291 30/ |
| 52 | vovolady.com | GwynTerrence@outlook.com | | | contact@vovoyiss.com | |
| 53 | wossoy.com | service@brankber.com | | | service@wossoy.com | |
| 54 | xdbilp.com | underwoodstephen@vfamail.com | | | service@xdbilp.com | |

| Def. No. | Defendant / Seller ID / Subject Domain Name | Financial Account / Store No. / Merchant ID | PayPal Payee | ASIN / Infringing Product No. | Additional Means of Contact | Social Media URL |
|---|---|---|---|---|---|---|
| 55 | ailemei502 | Store No.: 21675871<br>PayPal Account:<br>yangyang502429@163.com | | 740098688 | WhatsApp: 86 15675871602 | |
| 56 | cc1874 | Store No.: 21729135<br>PayPal Account:<br>1003111416@qq.com | | 734390541 | | |